Josephine B. Crane v. Commissioner.
Crane v. Commissioner
Docket No. 58086.
United States Tax Court
T.C. Memo 1957-3; 1957 Tax Ct. Memo LEXIS 251; 16 T.C.M. (CCH) 12; T.C.M. (RIA) 57003; January 9, 1957
Lawrence E. Brinn, Esq., 270 Park Avenue, New York, N. Y., for the petitioner. Sumner Lipsky, Esq., for the respondent. RAUM
Memorandum Opinion RAUM, Judge: Respondent determined a deficiency in the gift tax of the petitioner for the year 1951 in the amount of $1,995.82. This determination followed from respondent's conclusion that two gifts made by petitioner were future interests and as such did not entitle the donor to the two $3,000 exclusions claimed by her. [1] The facts have been stipulated. *252 [Findings of Fact] In 1951 petitioner transferred securities valued at $51,373.44 to each of two trusts which she simultaneously established naming a bank as trustee. The beneficiary of one trust was the settlor's sixteen year old grandchild, Winnie Crane, whose twin sister, Davis Crane, was the beneficiary of the other trust. Both were then at boarding school. The trusts were substantially identical. By their terms the trusts were irrevocable and spendthrift. The trustee was directed to pay the reasonably required education expenses of the beneficiaries and to accumulate any remaining income. The beneficiaries were given the power to call for all the income accumulated in their respective trusts when they attained the age of twenty-one years. [2]
*253 After the twins' twenty-first birthday the trustee was required to pay all the net income to them for the remainder of their lives, and to distribute those amounts of corpus that were reasonably required for their comfortable support and maintenance or in case of emergency. [3]
Upon the death of a beneficiary the corpus and accumulated income of her trust were to be distributed to her issue then living. In the absence of such issue the trust for her sister was to be the distributee. If that trust was no longer in existence, the property was to go to her parents. In the event that they were both dead the distribution was to *254 be according to the intestacy laws of Massachusetts then in force. [Opinion] We think that this case is ruled by , where the trust instruments provided that during the beneficiaries' respective minorities the trustee "shall apply such income [from the beneficiaries' shares] as may be necessary for the education, comfort and support of the respective minors, and shall accumulate for each minor until he or she reaches the age of twenty-one years, all income not so needed"; thereafter all income was to be paid over periodically to the respective beneficiaries. The Supreme Court stated the question to be "whether the trusts provided for a present interest in the trust income, or some definable portion of it." . As in the Disston case, the beneficiaries herein had no rights to all the income until after their twenty-first birthday; and their rights to income thereafter could represent only a future interest. If something other than a future interest is to be found it will have to be in the provision for payments of income during the remaining period of the beneficiaries' minorities (approximately *255 four and three quarters years) of amounts "reasonable required for the education and expenses incidental to the education of the Beneficiary." But we were supplied with no evidence whatever as to the earning power of the corpus or as to what would reasonably be required for the education of the beneficiaries, even assuming that funds, if any, furnished by the beneficiaries' parents for their education are to be ignored. In the Disston case the Supreme Court said (pp. 448-449): "But, even though the trustees were under a duty to apply the income for support, irrespective of outside sources of revenue, there is always the question how much, if any, of the income can actually be applied for the permitted purposes. The existence of a duty so to apply the income gives no clue to the amount that will be needed for that purpose, or the requirements for maintenance, education and support that were foreseeable at the time the gifts were made. In the absence of some indication from the face of the trust or surrounding circumstances that a steady flow of some ascertainable portion of income to the minor would be required, there is no basis for a conclusion that there is a gift of anything other *256 than for the future. The taxpayer claiming the exclusion must assume the burden of showing that the value of what he claims is other than a future interest Cf. New Colonial [Ice] Co. [Inc.] v. . That burden has not been satisfied in this case." We are unable to see how we can reach a different result on the record in this case. Decision will be entered for the respondent. Footnotes
1. Internal Revenue Code of 1939: SEC. 1003. NET GIFTS. * * *
(b) Exclusions from Gifts. - * * *
(3) (As added by Section 454 of the Revenue Act of 1942). Gifts after 1942. - In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1943 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year. Regulations 108: SEC. 86.11. Future Interest in Property. - No part of the total amount of a gift of a future interest may be excluded in determining the total amount of gifts made during the calendar year. "Future interests" is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commerce in use, possession, or enjoyment at some future date or time. * * *↩
2. THIRD. Unitil the Beneficiary attains the age of twenty-one (21) years the Trustee shall from time to time pay to or for the benefit of the Beneficiary such amounts out of the current or accumulated income in its hands as shall be reasonable required for the education and expenses incidental to the education of the Beneficiary; and the Trustee shall accumulate the balance of the income, if there be a balance, until the Beneficiary attains the age of twenty-one (21) years. Upon the Beneficiary attaining the age of twenty-one (21) years, the Trustee shall upon request of the Beneficiary pay all accumulated income then in its hands to her; or, in default of such request, shall add the same to the principal of the Trust Estate.↩
3. FOURTH. After the Beneficiary attains the age of twenty-one (21) years, the Trustee shall pay the net income from the Trust Estate in quarter-annual installments or oftener at its convenience to her during her life; and in addition the Trustee may from time to time, in its sole discretion, pay to or for the benefit of the Beneficiary such amounts of principal as it shall deem to be reasonably required by her, in view of other resources available to her so far as known to the Trustee, for her comfortable support and maintenance or in case of emergency.↩